UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 20 CR 382 |
| | ) | |
| EDWARD SCHMIDL, | ) | Judge Coleman |
| | ) | |
| Defendant. | ) | |

## **UNITED STATES' RESPONSE TO VICTIMS' MOTION TO AMEND JUDGMENT**

### Introduction

Defendant Edward Schmidl was an employee of the law firm of Steven J. Morton & Associates and embezzled money from the firm. He was prosecuted and ultimately pleaded guilty. The court entered a restitution judgment in March 2023 against Schmidl for $171,708, payable to Morton's law firm. The law firm's insurance carrier reimbursed the law firm $30,000, and the law firm and insurer now seek to have the insurer substituted to receive $25,000. The United States does not oppose this request because statutory authority exists to permit this amendment. The law firm seeks to increase the restitution amount by $34,402.05 for prejudgment interest and reimbursement of accounting costs. The United States opposes these requests because statutory authority does not exist to amend the judgment for these reasons. The law firm claims that the United States lacks "standing" to oppose its requests because the United States is a proponent for witnesses and cannot argue against them. The United States has a duty to inform the court when it believes statutory authority does not exist to amend a restitution judgment. Even if the court were to consider the motion, both requests should be denied. The law firm has failed to prove that it is entitled to prejudgment interest, and the Supreme Court has held that the law firm's accounting costs are not recoverable. The motion should be granted in part and denied in part.

**Discussion**

A.   **The United States' Interests**

The only parties to a criminal case are the United States and the defendant. The United States Attorney's Office represents only the United States. It does not represent victims, although the office is required to confer with them and afford them their statutory rights. *See* 18 U.S.C. § 3771(a) (crime victims' rights). While victims are not parties to a criminal case, multiple statutes give victims limited standing to participate in criminal cases for specific purposes. *See id.* (Crime Victim Rights Act); Mandatory Victims Restitution Act, *see, e.g.* 18 U.S.C. § 3771(d)(3) (victim may petition court of appeals for writ of mandamus if district court denies relief sought under CVRA); § 3664(d)(5) (victim may petition district court to add newly discovered losses to restitution order); § 3664(k) (victim may notify district court of a material change in defendant's economic circumstances that affect ability to pay restitution); § 3664(l) (victim may rely on criminal judgment to estop defendant from denying liability in separate civil suit); and § 3664(m)(1)(B)(victim may request abstract of criminal judgment to record lien for civil enforcement in state court proceeding). Ultimately, it is the United States' burden to prove loss amounts for restitution under the MVRA. 18 U.S.C. § 3664(e). When the United States disagrees with additional sums a victim is seeking to add to a judgment, the United States has a duty to protect the judgment and a duty of candor to the court to inform the court of the United States' position and the reasons why the United States believes the court lacks statutory authority to amend the judgment. The United States has previously opposed victims' requests when the requests were not justified. *See, e.g., United States v. Ward*, No. 12 CR 353, 2015 WL 13863507 (N.D. Ill. May 12, 2015) (arguing that victims were not entitled to certain losses), *adopted*, 2015 WL 13863508 (N.D. Ill. June 10, 2015).

B.  **Substituting the Insurer**

The law firm states that its insurance company paid the law firm $25,000 for the loss of the embezzled funds and an additional $5,000 to reimburse the firm for the accounting costs it incurred in determining the extent of Schmidl's embezzlement. Dkt. 60 at 2. It is unclear whether the law firm is seeking to have the insurer substituted for the law firm to receive $25,000 or to receive $30,000. *Compare* Dkt. 60 at 2 (law firm wanted insurer included in restitution order to receive $30,000) *with id.* at 5 (insurer should be included in restitution judgment to receive $25,000). The law firm admits that the insurer has reimbursed it for the accounting fees incurred, but also seeks to have the restitution judgment increased by $5,000 *payable to the law firm.* The MVRA does not allow for double recovery. *See* 18 U.S.C. § 3664(j)(1) ("If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation[.]"); *Robers v. United States*, 572 U.S. 639, 645 (2014) (MVRA designed to prevent double recovery to the victim). The law firm offers no explanation as to why it should keep the $5,000 received from the insurance company to pay its accounting costs and have the court award it $5,000 for the same loss. This arrangement would violate the MVRA.

Assuming the law firm wants the insurance company to be only partially reimbursed (the lawyer for the firm represents both), the United States does not object to the law firm's request to substitute the insurer for $25,000 of the loss, with the law firm's amount reduced accordingly. The court has inherent authority to administer a restitution judgment during the enforcement phase of the judgment in order to resolve issues that do not alter the total amount of restitution or issues that should have been resolved at sentencing. *United States v. Simon*, 952 F.3d 848, 855-56 (7th Cir. 2020) (Hamilton, J., concurring). Substituting the firm's insurer in place of the firm for $25,000

to reimburse the insurance company does not alter the amount of the restitution judgment. Moreover, this substitution is consistent with the MVRA. The MVRA expressly provides that "if a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation." 18 U.S.C. § 3664(j)(1). The firm's insurance company paid the law firm $25,000 for the same loss encompassed in this case. Thus, the court is authorized to amend the restitution judgment to add the insurance company to be paid $25,000 and reduce the law firm's award by $25,000. *Id.*; *United States v. Lanning*, No. 17-10164, 2019 WL 1081728, at *2 (D. Kan. Mar. 7, 2019) (ordering substitution of bank for victim after bank paid judgment in full to its victim-customers).

C.  **Increasing the Restitution Amount**

The law firm is seeking to amend the court's restitution judgment to increase the amount by $34,402.05. But the court does not have statutory authority to amend the judgment. A party seeking a substantive change to a restitution judgment after sentencing has occurred must identify a mechanism by which the court can amend the judgment. *United States v. Simon*, 952 F.3d 848, 853 (7th Cir. 2020). Once a court sentences a criminal defendant, it can amend the judgment only when authorized by statute or rule. *Simon*, 952 F.3d at 853, 853 n.2. No such statute or rule exists.

The court has limited statutory authority under section 3664(o) of the MVRA to modify the restitution judgment after it has been entered. *Simon,* 952 F.3d at 854 (*citing United States v. Puentes*, 803 F.3d 597, 607 (11th Cir. 2015)) ("a district court may not modify a mandatory order of restitution unless one of the circumstances in § 3664(o) applies"). The limited circumstances

to modify restitution are set forth in 18 U.S.C. § 3664(o). [1] These reasons include: (a) correcting a judgment under Federal Rule of Criminal Procedure 35, (b) a successful appeal, (c) newly discovered losses and a showing of good cause to petition the court for an amended restitution order, or (d) an adjustment to the payment schedule, authorizing imprisonment after default, or the revocation of probation. 18 U.S.C. § 3664(o)(1). A movant seeking to amend a restitution judgment must fall within one of the circumstances in section 3664(o). *Simon,* 952 F.3d at 854 (district court may not amend a restitution judgment unless one of the circumstances in section 3664(o) applies).

The law firm contends that the third avenue for amendment, section 3664(d)(5) of the MVRA, authorizes the court to increase the restitution award. Dkt. 60 at 4 n.3. Under that section, if a victim subsequently discovers further losses, the victim has 60 days after discovery of the losses to petition the court, which the court may grant if the victim shows good cause exists for the failure to include the losses in the initial claim for relief. 18 U.S.C. § 3664(d)(5) ("If the victim *subsequently* discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order.") (emphasis added). The law firm contends that § 3664(d)(5) imposes no time limit on a victim's subsequent discovery of losses.

---

[1] 18 U.S.C. 3664(o) provides as follows:

  (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that--
    (1) such a sentence can subsequently be--
      (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
      (B) appealed and modified under section 3742;
      (C) amended under subsection (d)(5); or
      (D) adjusted under section 3664(k), 3572, or 3613A; or
    (2) the defendant may be resentenced under section 3565 or 3614.

Dkt. 4 (*citing Dolan v. United States*, 560 U.S. 605 (2010)). The law firm reads *Dolan* too broadly. By its terms, the loss that a victim seeks to add to a restitution judgment must be "discovered" *subsequent* to when the judgment was entered. The law firm's request for reimbursement of its accounting fees was not discovered after the judgment was entered. And its request for prejudgment interest is a legal issue and is awarded in the discretion of the court. Neither request falls within the scope of section 3664(d)(5).

1. **The Law Firm's Accounting Fees**

Morton's law firm contends that the $5,000 in accounting fees that the law firm incurred in determining the extent of Schmidl's embezzlement qualifies as a loss under section 3664(d)(5). Dkt. 60 at 6. Under the plain language of section 3664(d)(5), a cost that the law firm knew about before sentencing does not qualify as a *subsequently* discovered loss. The firm admits that Morton submitted the $5,000 in costs *prior to sentencing. Id.* Section 3664(d)(5) by its express terms applies to losses a victim *subsequently* discovers after sentencing. "If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses" to petition the court for an amended restitution order. 18 U.S.C. § 3664(d)(5). Section 3664(d)(5) does not provide the court with statutory authority to amend the restitution judgment to include the accounting fees.

And aside from the timing issue, the MVRA would not authorize reimbursement of the law firm's accounting fees. In *Lagos v. United States*, 138 S. Ct. 1684 (2018), the Supreme Court held that the MVRA does not cover the costs of a victim's private investigation into a defendant's wrongdoing. In *Lagos*, the defendant used his company to defraud a lender of tens of millions of dollars. *Id.* at 1687. The lender incurred substantial fees for attorneys, accountants, and consultants to determine the extent of the fraud. *Id.* The Supreme Court noted that the MVRA

authorizes reimbursement to the victim for lost income, necessary child care, transportation, and other expenses "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." *Id*. at 1688 (*quoting* 18 U.S.C. § 3663A(b)(4)). The Court held that the word "investigations" in the context of the provision is limited to government investigations and not private investigations. *Id.* The Supreme Court noted that interpreting the language to include private investigations could lead to time-consuming controversies about what is or is not related to an "investigation." *Id.* at 1689.

The United States argued in *Lagos* that the lender shared with the government the information that its private investigation uncovered, and that this brought the expenses within the terms of the statute. *Id.* at 1690. The Supreme Court rejected the argument. The statute provides for reimbursement of expenses incurred *during* participation in the investigation. *Id.* (emphasis on original). The lender's private investigation and expenses were incurred *before* the government's investigation began and were not reimbursable under the language of the statute. *Id.* In this case, the law firm's accounting fees from its investigation were incurred before the United States' prosecution of Schmidl. Thus, even if the court found that it had statutory authority to increase the restitution amount, the accounting fees would not be reimbursable under the MVRA.

### 2. Prejudgment Interest

The MVRA's section (d)(4) grants the court statutory authority to amend a restitution judgment if a victim subsequently discovers further losses after the initial restitution judgment was entered and the victim shows "good cause" exists for the delay. 18 U.S.C. § 3664(d)(5). The law firm "discovered" that it could receive prejudgment interest when it hired its current attorney in mid-August 2023. Dkt. at 3. A victim that hires an attorney who then advises the victim that prejudgment interest should have been included in the restitution amount does not constitute "good

7

cause" that excuses an untimely request to amend the judgment. Courts have found good cause existed to amend a restitution judgment when victims were omitted due to a documentation error, victims were omitted who had not received timely notice of their right to receive restitution, the amounts of victims' losses were discovered at a deferred evidentiary hearing, and victims who had not known of the criminal case until after sentencing because dozens of victims were being discovered weekly. *See United States v. Hernandez*, No. 13-cr-20779, 2020 WL 1269759, at *2 (S.D. Fla. Mar. 17, 2020) (and cases cited therein). Receiving legal advice after the restitution judgment has been entered does not constitute "good cause" within the meaning of section 3664(d)(5).

The law firm implies that the court would have automatically granted the law firm's request. Not so. The MVRA is silent on the issue of prejudgment interest. *United States v. Qurashi*, 634 F.3d 699, 703 (2nd Cir. 2011). The Seventh Circuit has stated that a sentencing court *may* include prejudgment interest in a restitution judgment. *United States v. Shepard*, 269, 884, 886 (7th Cir. 2001); *United States v. Clavielle*, 429 Fed. App'x. 617, 620 (7th Cir. 2011) (prejudgment interest *can* be included when calculating restitution); *United States v. Ward*, No. 12 CR 353, 2015 WL 13863507 (N.D. Ill. May 12, 2015) (agreeing with United States that prejudgment interest was not warranted in that case), *report and recommendation adopted*, 2015 WL 13863508 (N.D. Ill. Jun. 10, 2015). A discretionary amount that the court *could* have awarded is not the type of "subsequently discover[ed] further losses" that falls within the scope of section 3664(d)(5). And hiring an attorney does not constitute "good cause" to explain the failure to ask for prejudgment interest in the first place. Section 3664(d)(5) does not grant the court statutory authority to amend the restitution judgment in these circumstances.

Even if the court were to find that section 3664(d)(5) provides the necessary authority to award prejudgment interest, the rate of interest would not be what the law firm has used to calculate the amount it is owed. The law firm claims it is entitled to interest calculated at the prejudgment rate of 5% per year under Illinois law. Dkt. 60 at 3-4. The state's prejudgment interest rate is the incorrect rate to use. The MVRA requires that a restitution award be based on the amount of loss *actually caused* by the defendant's wrongdoing. *United States v. Webber*, 536 F.3d 584, 602 (7th Cir. 2008) (emphasis in original). To be entitled to prejudgment interest, the law firm should have produced evidence showing that the money was stolen from an interest-bearing account. *See Shepard*, 269 F.3d at 886 (prejudgment interest should be included in restitution award because the money stolen came from an interest-bearing account); *United States v. Weimer*, 63 F. Supp. 3d 922, 936-37 (N.D. Iowa 2014). Prejudgment interest would be calculated at the interest rate the money would have earned had the defendant not stolen the money and for the time period when the defendant stole the money. *See Qurashi*, 634 F.3d at 703-704; *United States v. Edwards*, 19 F. Supp. 3d 366, 376 (D. Mass. 2014) (denying victim's request for prejudgment interest calculated at rate of 2.5%; victim failed to point to any authority that IRS overpayment interest rate applied); *Weiner*, 63 F. Supp. 3d. at 936-37 (prejudgment interest rate should be separately calculated based on the dates that the defendant wrongfully received the money). The law firm has failed to produce any evidence showing whether the account was earning interest and if so, at what rate. The law firm's failure to produce any evidence could result in a restitution order that exceeds its actual losses, which the Seventh Circuit has said would be an *illegal* sentence. *United States v. Webber,* 536 F.3d 584, 602 (7th Cir. 2008) ("An order of restitution that is imposed without a statutory basis is 'illegal.'").

### D. Crime Victims' Rights

The law firm blames the United States for not telling the firm that it was entitled to prejudgment interest, and that the United States failed to afford it the rights outlined in the Crime Victims Act. Dkt. 60 at 7. The only statement in the law firm's motion that is supported by evidence is Steven Morton's statement that he did not learn of the plea agreement until September 17, 2020, after the plea was entered. Dkt. 60 at Ex. B. The events in this case proceeded quickly from when the information was filed to when the change of plea was heard. The information was filed on July 22, 2020; the arraignment occurred on July 31, 2020; the change of plea was heard that day; and the plea agreement was entered the same day. Dkt. 1, 12, 17. What is more important is Morton's opportunities to address the court to describe how Schmidl's crime affected him.

Approximately two months after the case was filed, Morton admits he was told of his rights under the Crime Victims Act and that he could provide a victim impact statement. *Id.* Morton provided a statement in September 2020, before the sentencing hearing, which the United States submitted to the Probation Office for inclusion in the presentence investigation report. Morton also appeared at sentencing before the court and made a victim impact statement. The United States does not have an obligation to inform victims about possible legal arguments they might want to make with respect to restitution. The law firm's lack of knowledge about whether the court may order prejudgment interest is not a subsequently discovered loss within the meaning of the MVRA's section 3664(o)(1)(C) that would provide a ground for amending the restitution judgment.

## Conclusion

For the reasons set forth above, the victims' motion to amend the restitution order should be granted in part and denied in part.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Beth A. Clukey
    BETH A. CLUKEY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    312-886-1325
    beth.clukey@usdoj.gov

# Certificate of Service

The undersigned Assistant United States Attorney hereby certifies that, in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

UNITED STATES' RESPONSE TO VICTIMS' MOTION TO AMEND JUDGMENT

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail within three days of the date of filing to the following non-ECF filers:

Edward Schmidl
Register No. 11079-424
FMC Rochester
Federal Medical Center
P.O. Box 4000
Rochester, Minnesota 55903

                                                s/ Beth A. Clukey
                                                BETH A. CLUKEY
                                                Assistant United States Attorney
                                                219 South Dearborn Street
                                                Chicago, Illinois 60604
                                                (312) 886-1325
                                                beth.clukey@usdoj.gov